Allison C. Eckstrom, California Bar No. 217255
allison.eckstrom@bcpllaw.com
Michael E. Olsen, California Bar No. 307358
michael.olsen@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:    (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Defendant
WALGREEN CO.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JOHNNY RAMIREZ, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:18-cv-3921<br><br>(Monterey County Superior Court Case No. 18CV001963)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION OF DEFENDANT WALGREEN CO. UNDER CAFA [28 U.S.C. §§ 1332, 1441, 1446, AND 1453]**<br><br>**[CLASS ACTION FAIRNESS ACT JURISDICTION]**<br><br>*[Filed concurrently with Declarations of Amelia Legutki and Alicia Musgrove; Civil Cover Sheet; Certification of Interested Entities; and Corporate Disclosure Statement]* |

USA01\11885542

NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JOHNNY RAMIREZ AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Walgreen Co. ("Walgreens") hereby removes to this Court the state court action described below.

## BACKGROUND

1. On May 29, 2018, Plaintiff Johnny Ramirez ("Plaintiff") filed a putative class action lawsuit in the Superior Court of the State of California, County of Monterey, styled *Johnny Ramirez, individually and on behalf of himself and all others similarly situated v. Walgreen Co., an Illinois corporation; and DOES 1 to 50, inclusive,* Monterey County Superior Court Case No. 18CV001963 (the "Action").

2. As it was filed after February 18, 2005, the Action was commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

3. Walgreens was personally served with the original Complaint on May 30, 2018. On June 18, 2018, Plaintiff filed a First Amended Complaint, which was mail served on Walgreens on June 21, 2018. A true and correct copy of the Complaint, First Amended Complaint, Summons, and all other documents served on Walgreens in the Action are attached hereto as **Exhibit A**. No other pleadings, process, or orders have been served on Walgreens in the Action.

4. Because this Notice of Removal is filed within thirty (30) days of service of the Complaint and Summons upon Walgreens, it is timely under 28 U.S.C. § 1446(b).

5. Walgreens filed an Answer to the First Amended Complaint on June 27, 2018. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

6. In the Action, Plaintiff asserts two causes of action against Walgreens: (1) failure to provide accurate wage statements under California Labor Code Section 226; and (2) a derivative cause of action for civil penalties under California's Private Attorney General Act

1  ("PAGA").  *See* FAC, ¶¶ 10-16, and 23-31.

2  7.  Plaintiff brings his claims individually and on behalf of a putative class comprised
of all current and former non-exempt employees who were employed by Walgreens in California
and received a wage statement containing a shift premium payment from May 29, 2017 to the
present, or one year preceding the filing of the Complaint.  FAC, ¶ 10.

## REMOVAL – CAFA

8.  Congress enacted the CAFA on February 18, 2005 to "expand substantially
federal court jurisdiction over class actions."  S. Rep. No. 109-14, *43, as reprinted in 2005
U.S.C.C.A.N. 3, **41, 109 S. Rpt. 14.  Its provisions "should be read broadly, with a strong
preference that interstate class actions should be heard in a federal court if properly removed by
any defendant."  *Id.; In re Textainer P'ship Sec. Litig.,* 2005 U.S. Dist. LEXIS 26711, *10 (N.D.
Cal., Jul. 27, 2005) (quoting 151 Cong. Rec. H723-01, H-727 (2005) (statement of Rep.
Sensenbrenner)).

9.  Pursuant to the CAFA, when the number of putative class members defined in a
complaint exceeds 100, a federal district court has original jurisdiction over "any civil action in
which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest
and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a
State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

10.  Further, "the claims of the individual class members shall be aggregated to
determine whether the matter in controversy exceeds" the $5,000,000 requirement, 28 U.S.C. §
1332(d)(6), thereby "abrogat[ing] the rule against aggregating claims."  *Exxon Mobil Corp. v.
Allapattah Services, Inc.,* 545 U.S. 546, 571, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

11.  The requirements for this Court's exercise of diversity jurisdiction over Plaintiff's
purported class action are clearly and unequivocally satisfied in this case.

## Putative Class Numerosity

12.  A threshold requirement of the CAFA is that there must be at least 100 putative
class members.  *See* 28 U.S.C. § 1332(d)(5)(B).  The requirement is readily met here.  First, the
Complaint directly alleges that "The members of the Class are so numerous that joinder of all

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1 members would be impractical, if not impossible." FAC, ¶ 11.  In fact, Walgreens' records show
2 that between May 29, 2017 and June 17, 2018, there were **8,657** current and former non-exempt
3 employees employed by Walgreens in California who received a wage statement containing at
4 least one shift premium.  Declaration of Alicia Musgrove ("Musgrove Decl."), ¶ 2.
5 Accordingly, Walgreens satisfies the numerosity requirement under CAFA for removal purposes.

### Diversity of Citizenship

7     13.    For purposes of establishing federal jurisdiction, the CAFA requires only minimal
8 diversity; that is, at least one purported class member must be a citizen of a state different from
9 the state of citizenship of any named defendant.  28 U.S.C. § 1332(d)(2)(A).  As explained
10 below, Plaintiff is a citizen of a state different from that of Walgreens, the only named defendant.
11 Hence, the CAFA's diversity of citizenship requirement is satisfied here.

12     14.    Plaintiff was, at the time of the filing of the Action, a citizen of the State of
13 California.  Plaintiff's personnel records reflect that the last known residential address he
14 provided to Walgreens is located in Salinas, California, and that he has resided, worked and
15 attended school in California since at least 2009.  Musgrove Decl. ¶ 3, Exhibit C.  A party's
16 residence is *prima facie* proof of that person's domicile, and, once established, it presumptively
17 continues unless rebutted with sufficient evidence of change.  *Mondragon v. Capital One Auto*
18 *Fin.*, 736 F.3d 880, 885-85 (9th Cir. 2013).

19     15.    Walgreens is now, and ever since this action commenced, has been incorporated
20 under the laws of the State of Illinois, with its principal place of business in Illinois.  Declaration
21 of Amelia Legutki ("Legutki Decl.") ¶ 2.  Under the "nerve center test," a principal place of
22 business refers to "the place where a corporation's officers direct, control, and coordinate the
23 corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("principal place
24 of business" means "the place where a corporation's officers direct, control, and coordinate the
25 corporation's activities.").  Because Walgreens' corporate headquarters and executive offices are
26 located in Deerfield, Illinois where its high level officers direct, control, and coordinate the
27 Company's activities, Walgreens' principal place of business or "nerve center" is in Deerfield,
28 Illinois. Legutki Decl. ¶ 3.  Accordingly, Walgreens is, and has been at all times since this action

USA01\11885542      3

NOTICE OF REMOVAL

commenced, a citizen of the State of Illinois.  As a result, Walgreens is not now, and was not at the time of the filing of the State Action, a citizen of the State of California for removal purposes.

16.     Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *See* 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered).  Thus, the existence of Doe Defendants 1 through 50, does not deprive this Court of jurisdiction.

17.     Because Plaintiff is a citizen of California, a different state than that of Defendant, which is a citizen of the State of Illinois, the CAFA's requirement of minimal diversity is satisfied here.  28 U.S.C. § 1332(d)(2)(A).

**Amount-in-Controversy**

18.     While Defendant denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum or value of $5,000,000. [1]  Pursuant to the CAFA, the claims of the individual members in a putative class action are aggregated to determine if the amount-in-controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6). Congress intended that federal jurisdiction properly be exercised under the CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  S. Rep. No. 109-14, *42.

19.     The amount in controversy is determined by adding up the value of the claim of each person who falls within the proposed class definition to determine whether the resulting sum exceeds $5 million.  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013);

---

[1] Nothing in this Notice of Removal is intended nor should be construed as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.  Further, Defendant expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

*Rodriguez v. AT&T Mobility Services, LLC,* 728 F.3d 975, 981 (9th Cir. 2013) ("*Standard Fire* instructed district courts to look to the potential claims of absent class members, rather than plaintiff's complaint.") "To do so, district courts must necessarily look beyond the four corners of the complaint when the complaint alleges damages below the jurisdictional minimum." *Rodriguez*, 728 F.3d at 981 (internal quotations and citations omitted).

20.  In the Ninth Circuit, the level of proof required to satisfy the CAFA's amount-in-controversy requirement is a preponderance of the evidence. *Rodriguez*, 728 F.3d at 981 (stating the preponderance of the evidence standard applies when the plaintiff does not plead a specific amount in controversy). To meet this standard of proof, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Davis v. Chase Bank U.S.A., N.A.*, 453 F. Supp. 2d 1205, 1209 (C.D. Cal. 2006) (*citing Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676, 680 (9th Cir. 2001)) (remaining citations omitted). This burden is not "daunting," as courts in this Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, at *7 (E.D. Cal. Apr. 30, 2007); *Thomas v. Aetna Health of Cal., Inc.*, 2011 WL 2002515, at *6 (E.D. Cal. June 2, 2011) ("requiring Defendant to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case."). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 447 (7th Cir. 2005).

21.  In this Action, Plaintiff seeks—on behalf of himself and on behalf of the putative class—statutory penalties for inaccurate wage statements under Labor Code Section 226(e), civil penalties pursuant to PAGA (Cal. Labor Code section 2699(a)), interest, costs, reasonable attorneys' fees and "such other and further relief as the Court deems just and proper." FAC, Prayer for Relief, ¶¶ 5-9, p. 8.

22.  Plaintiff seeks to represent a class of all former and current non-exempt employees who worked for Walgreens in California from May 29, 2017 to the present and who

received at least one wage statement reflecting a shift premium payment. FAC, ¶ 10.

23. Since Walgreens was served with process in the Action, it conducted an analysis of certain employment data regarding current and former non-exempt employees who worked between May 29, 2017 and June 17, 2018. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 985-86 (S.D. Cal. 2005) (the amount-in-controversy is properly evaluated based on the plaintiff's allegations and the defendant's own employment data). As explained below, Plaintiff's wage statement claim for statutory penalties under Labor Code Section 226(e), alone, satisfies the requisite $5 million amount in controversy for removal purposes.

24. During the putative class period, Walgreens employed 8,657 individuals as non-exempt employees between May 29, 2017 and June 17, 2018 who received at least one wage statement with shift premium wages. Musgrove Decl., ¶ 2.

25. During the putative class period, the putative class members received a total of 75,533 wage statements that reflected payment for shift premium wages. Musgrove Decl., ¶ 2.

26. Plaintiff alleges that "Defendant violated [Labor Code] § 226(a) by not providing Plaintiff and other employees with an accurate itemized wage statement listing the total hours worked in violation of Labor Code § 226(a)(2). Specifically, Defendant listed a shift premium in the hours worked section on the waged statement of employees who earned shift premium wages. Defendant, however, failed to provide information from which employees, including Plaintiff, could ascertain the actual hours worked, as it was not listed on the wage statements issued to Plaintiff and Class Members." FAC, ¶ 25.

27. California Labor Code section 226(a) requires employers to provide employees with accurate itemized wage statements containing specific categories of information. Cal. Lab. Code § 226(a). For the alleged itemized wage statement violations, Plaintiff seeks, under Labor Code § 226(e), "fifty dollars ($50) per employee for the initial pay period" in which a violation occurred, and "one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregated penalty of four thousand dollars ($4,000) [per employee]." Cal. Lab. Code § 226(e). The statute of limitations for such penalty claims is one year. Cal. Code Civ. Proc. § 340(a).

28. Accepting as true (for removal purposes only) the allegations of the Complaint, the amount placed in controversy by Plaintiff for the statutory wage statement claim under Labor Code Section 226(e) would be **$7,120,450**. Specifically, the amount in controversy is based on the following calculation:

- **$432,850 for initial violations**: $50 x 8,657 initial wage statements (*i.e.*, the number of current/former non-exempt employees who were employed during the 1-year statutory period and received at least one wage statement reflecting premium wages) **PLUS**

- **$6,687,600 for subsequent violations**: $100 x 66,876 subsequent wage statements (*i.e.*, 75,533 total wage statements issued during the 1-year period minus 8,657 initial wage statements, capped at $4,000 per employee).

*See* Musgrove Decl., ¶ 6; *see also Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600, at *7, *11 (N.D. Cal. Jun. 14, 2013); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *7 (C.D. Cal. May 5, 2016).

29. Accordingly, Walgreens has properly established, by a preponderance of the evidence, that the jurisdictional amount-in-controversy requirement is easily satisfied here. *See Abrego Abrego,* 443 F.3d at 683 (where the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must show "by a preponderance of the evidence that the amount in controversy requirement has been met."). Moreover, the legislative history behind the CAFA makes clear that any doubts regarding the maintenance of federal jurisdiction over class actions in cases where the existence of diversity jurisdiction is alleged should be resolved in favor of exercising federal jurisdiction. S. Rep. No. 109-14, at *42, as reprinted in 2005 U.S.C.C.A.N. 3, **40, 109 S. Rpt. 14 ("if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

30. To the extent Plaintiff has alleged any other claims for relief in the Complaint

1 over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the

2 Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

3       31.     The United States District Court for the Northern District of California embraces

4 the County and Court in which the Action is now pending. 28 U.S.C. § 84(a). Therefore, this

5 Action is properly removed to this Court pursuant to 28 U.S.C. Section 1441(a).

6       32.     Defendant will promptly serve Plaintiff and all other parties with this Notice of

7 Removal, and will promptly file a copy of this Notice of Removal with the clerk of the state

8 court in which the Action is now pending, as required by 28 U.S.C. Section 1446(d).

Dated: June 29, 2018

Allison C. Eckstrom
Michael E. Olsen
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Michael E. Olsen*
     Michael E. Olsen
Attorneys for Defendant
WALGREEN CO.