UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY RAMIREZ individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO., an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 18-cv-03921-EJD<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**[PROPOSED] ORDER**

Plaintiff Johnny Ramirez ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the litigation pursuant to the Stipulation of Class Action Settlement and Release of Claims (the "Agreement"); (b) conditionally certifying a class for purposes of proceedings in connection with the final approval of the Agreement; (c) approving the form of Class Notice of Settlement and directing the manner of delivery thereof; (d) approving Larry W. Lee of Diversity Law Group, William L. Marder of Polaris Law Group, LLP and Dennis S. Hyun of Hyun Legal as Class Counsel and Plaintiff as Class Representative.

IT IS HEREBY ORDERED THAT:

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2. The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiff and Defendant Walgreen Co. ("Defendant" or "Walgreen") (Plaintiff and Defendant collectively referred to as the "Parties"). In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

3. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following class:

> All current and former non-exempt employees who work/worked for Defendant in the State of California and received a shift premium payment on at least one paycheck at any time from July 6, 2017 through September 20, 2018.

4.  If the Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Releasees, or in this Action if the Agreement is not finally approved.

5.  The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendant's records, the Plaintiff's claims are typical of those in the class, and that there is adequate and fair representation.

6.  Accordingly, for purposes of the Agreement only, this litigation is hereby CONDITIONALLY CERTIFIED as a class action pursuant to Fed. R. Civ. P. 23(e).

7.  Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for settlement purposes only Larry W. Lee of Diversity Law Group, William L. Marder of Polaris Law Group, and Dennis S. Hyun of Hyun Legal. The Court finds that Class Counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

8.  Plaintiff is approved as the Class Representative for the Settlement Class Members for settlement purposes only.

9.  The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the Class Representative Service Payment) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement. Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Agreement is non-collusive.

10. The Court hereby APPROVES Phoenix Settlement Administrators as the Settlement Administrator for the purposes of this settlement.

11. A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on __May 14, 2020__ at __9:___ a.m./p.m. at _____, for the following purposes:

    a. to determine finally whether this litigation satisfies the applicable prerequisites for class action treatment of a settlement class;

    b. to determine whether the proposed Agreement is fair, reasonable and adequate and should be granted final approval by the Court;

    c. to determine whether the Order of Final Approval as provided under the Agreement should be entered, and to determine whether the Releases should be released of and from the Released Claims as provided in the Agreement;

    d. to determine whether the proposed plan of allocation of the Maximum Settlement Fund is fair and reasonable and should be approved by the Court;

    e. to finally consider Plaintiff's application for the Class Representative enhancement payment;

    f. to finally determine whether Class Counsel's application for an award of attorneys' fees and costs is fair, reasonable, and adequate and should be approved by the Court;

    g. to determine that the Settlement Administrator's costs should be paid from the Maximum Settlement Fund; and

    h. to rule upon such other matters as the Court may deem appropriate.

12. The form of Class Notice is hereby APPROVED. No later than fifteen (15) business days after the Preliminary Approval Date, Defendant shall provide the Settlement Administrator with the Class Data for purposes of preparing and mailing Notice Packets to Settlement Class Members. The Class Data shall be confidential. The Settlement Administrator

shall not provide the Class Data to Class Counsel or Plaintiff or any third party, or use the Class Data or any information contained therein for any purpose other than to administer this Settlement.  Specifically, for each Class Member, Defendant will provide the Settlement Administrator with Microsoft Excel spreadsheet and shall include the following information for each Settlement Class Member:  (1) employee identification number; (2) full name; (3) last known address; (4) last known home telephone number; (5) Social Security number; and (6) and the number of pay periods each Settlement Class Member was paid shift differential wages during the Class Period ("Class Data").  No later than fourteen (14) calendar days after receiving the Class Data from Defendant as provided herein, the Settlement Administrator shall mail copies of the Notice Packet to all Settlement Class Members via regular First Class U.S. Mail. The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Settlement Class Member.  The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Settlement Class Member.  In the event more than one address is identified, then the Settlement Administrator shall mail to each potentially valid address.

13. The Court finds that the Notice Packet, along with the related notification materials, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process.  The Court further finds that the notifications fully and accurately inform the Settlement Class Members of all material elements of the proposed settlement, of the Settlement Class Members' right to dispute their share of the settlement, of the Settlement Class Members' right to be excluded from the Settlement Class, and of each Settlement Class Member's right and opportunity to object to the settlement.

14. The Court hereby APPROVES the proposed Response Deadline of forty-five (45) calendar days from the initial mailing of the Notice Packet.

15. The Court hereby APPROVES the proposed procedure for opting out of the Settlement Class.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any

member of the Class who requests exclusion from the settlement will not be entitled to any share of the settlement and will not be bound by the Agreement or have any right to object, appeal or comment thereon.  Members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

16. All reasonable costs of settlement and claims administration, including the mailing of Class Notice, shall be paid for as provided in the Agreement.

17. All written objections and supporting papers ("Notice of Objection") must (a) clearly identify the case name and number (Ramirez v. Walgreens, Case Number 18-cv-03921-EJD), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before the Response Deadline.  Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.  Settlement Class Members who submit a timely Notice of Objection will have a right to appear at the Final Approval/Settlement Fairness Hearing in order to have their objections heard by the Court.  No Settlement Class Member may appear at the Final Approval/Settlement Fairness Hearing unless he or she has served a timely objection that complies with the procedures provided in this paragraph.  Settlement Class Members who submit a Request for Exclusion are not entitled to object to the Settlement.

18. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

19. All Parties are otherwise ordered to comply with the terms of the Agreement.

20. The Agreement resolves all of the class and individual claims, as well as the representative claim asserted under the Private Attorney Generals Act (the "PAGA"), California Labor Code § 2698, *et seq.*, contained in the First Amended Complaint, the initial Complaint and

1  as set forth in Plaintiff's PAGA notices submitted to the California Labor Workforce
2  Development Agency.
3      21.   Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation,
4  and each of the Class Members for all matters relating to this Litigation, the Agreement, including
5  (without limitation) all matters relating to the administration, interpretation, effectuation, and/or
6  enforcement of the Agreement and this Order.

    IT IS SO ORDERED.

Dated: __December 12, 2019__    _____
                                    Hon. Edward J. Davila
                                    Judge, United States District Court