**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee, State Bar No. 228175
E-mail: lwlee@diversitylaw.com
Nicholas Rosenthal, State Bar No. 268297
E-mail: nrosenthal@diversitylaw.com
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554

Attorneys for Plaintiff and the Class

**POLARIS LAW GROUP LLP**
William L. Marder, State Bar No. 170131
E-mail: bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone: (831) 531-4214
Facsimile: (831) 634-0333

Attorneys for Plaintiff and the Class

[*Additional counsel listed on the next page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JOHNNY RAMIREZ, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 18-cv-03921-EJD<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Edward J. Davila<br>Courtroom: 4 |

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  Dennis S. Hyun (State Bar No. 224240)
   E-mail: dhyun@hyunlegal.com
2  **HYUN LEGAL, APC**
   515 S. Figueroa St., Suite 1250
3  Los Angeles, California 90071
   (213) 488-6555
4  (213) 488-6554 facsimile

5  Attorneys for Plaintiff and the Class

This matter came on for hearing on May 14, 2020, on Plaintiff Johnny Ramirez's ("Plaintiff" or "Class Representative") Motion for Attorneys' Fees and Costs and unopposed Motion for Final Approval of Class Action Settlement and for Judgment in this action on the terms set forth in the Joint Stipulation of Class Action Settlement (the "Settlement Agreement"), attached hereto as Exhibit 1.[1]  Due and adequate Notice having been given to the members of the Class, and the Court having considered the Settlement Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Class Settlement, and having reviewed the entire record in this action, *Johnny Ramirez et al. v. Walgreen Co.*, Case No. 18CV03921 ("the Action"), and good cause appearing, finds that:

WHEREAS, Plaintiff has alleged claims against Defendant Walgreen Co. on behalf of himself and all current and former non-exempt employees who work/worked for Defendant in the State of California and received a shift premium payment on at least one paycheck during the time period between July 6, 2017 and September 20, 2018; and

WHEREAS, Plaintiff asserts a claim that Defendant failed to provide him with accurate itemized wage statements in violation of Labor Code § 226.  Plaintiff further asserts a claim that Defendant is liable for penalties under the California Private Attorneys General Act of 2004 ("PAGA") (Cal. Labor Code §§ 2698, et seq.) because of Defendant's alleged violation of Labor Code § 226; and

WHEREAS, Defendant expressly denies the allegations of wrongdoing and violations of law alleged in this Action; asserts that it has always provided its employees with accurate itemized wage statements; and further denies any liability whatsoever to Plaintiff or to the Settlement Class Members; and

WHEREAS, without admitting any liability, claim or defense the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty and business disruption of ongoing litigation; and

WHEREAS, this Court granted approval of the PAGA Settlement and preliminary

---

[1] All capitalized terms appearing in this Order that are not defined herein shall have the meanings assigned to them in the Parties Settlement Agreement.

1  approval of the parties' Class Settlement in this Action on December 12, 2019 ("Preliminary
2  Approval Order"); and
3         WHEREAS, the Class Notice was sent to the Class Members in accordance with the
4  Preliminary Approval Order; and
5         WHEREAS, a fairness hearing on the proposed Class Settlement having been duly held
6  and a decision reached,
7         NOW, therefore, the Court grants final approval of the Class Settlement, and IT IS
8  HEREBY ORDERED THAT:
9     1.   The Court has jurisdiction over the subject matter of this Action, Defendant, and
10 the Settlement Class Members.
11    2.   The Court has determined that the Class Notice given to the Settlement Class
12 Members fully and accurately informed all Settlement Class Members of all material elements of
13 the proposed Class Settlement — including the plan of distribution of Maximum Settlement Fund,
14 the PAGA Payment, the application for Class Representative Enhancement to Plaintiff, and the
15 application for Class Counsels' Award — constituted the best notice practicable under the
16 circumstances, constituted valid, due and sufficient notice to all Settlement Class Members, and
17 complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States
18 Constitution, and any other applicable laws.
19    3.   The Court hereby grants final approval of the Class Settlement as fair, reasonable
20 and adequate in all respects to the Settlement Class Members pursuant to Rule 23 of the Federal
21 Rules of Civil Procedure, and orders the Parties and the Settlement Administrator to implement all
22 remaining terms of the Settlement Agreement pertaining to the distribution of the Maximum
23 Settlement Fund and Net Settlement Fund in accordance with the terms of the Settlement
24 Agreement.
25    4.   The plan of distribution as set forth in the Settlement Agreement providing for the
26 distribution of the Net Settlement Fund to Settlement Class Members is hereby finally approved as
27 being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.
28    5.   As previously held in the Court's Preliminary Approval Order, the Class for

1  settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as
2  follows:
3      "All current and former non-exempt employees who work/worked for Defendant in the
4      State of California and received a shift premium payment on at least one paycheck during
5      the time period between July 6, 2017 and September 20, 2018."
6      6.    As previously held in the Court's Preliminary Approval Order, the Court appoints
7  as Class Counsel, Diversity Law Group, P.C., Polaris Law Group LLP, and Hyun Legal APC.
8      7.    The Court approves payment of a Class Representative Enhancement of $5,000 to
9  Plaintiff for his service to the Class, which shall be paid from, and not in addition to, the
10 Maximum Settlement Fund.
11     8.    The Court approves the payment of attorneys' fees in the amount of $383,333.33 to
12 Class Counsel, which shall be paid from, and not in addition to, the Maximum Settlement Fund.
13     9.    The Court also approves the additional payment of attorneys' costs in the amount
14 of $9,505.89 to Class Counsel to reimburse them for their expenses, which shall be paid from, and
15 not in addition to, the Maximum Settlement Fund.
16     10.    The Court approves a payment of up to $35,500 to the Settlement Administrator
17 out of the Maximum Settlement Fund.  Any portion of the payment to the Settlement
18 Administrator that is unused will go to the Net Settlement Fund.
19     11.    Any checks for Individual Settlement Payments that are not cashed within 180 days
20 shall be transmitted to Legal Aid at Work.
21     12.    All claims asserted in this Action are DISMISSED WITH PREJUDICE as to
22 Plaintiff and the Settlement Class Members pursuant to the terms of the Settlement Agreement.
23 Each party shall bear his, her or its own costs and attorneys' fees, except as provided in the
24 Settlement Agreement and as set forth above in this Order and as set forth in any other Order
25 issued in response to the application by Class Counsel for an award of attorneys' fees, costs, and
26 expenses, which hearings took place concurrently with the hearing for this Order.
27     13.    Upon entry of this Order and the accompanying Judgment, the claims in this Action
28 and the Released Claims of each Settlement Class Member against Defendant, and against any and

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever
2  released, relinquished and discharged pursuant to the terms of the Settlement Agreement to the
3  maximum extent permitted by law.

4      14.    Upon entry of this Order and the accompanying Judgment, all Settlement Class
5  Members are hereby forever barred and enjoined from prosecuting the Released Claims against
6  any of the Released Parties as defined in the Settlement Agreement and as set forth in the
7  Preliminary Approval Order.

8      15.    Each Settlement Class Member is bound by this Order and the Judgment,
9  including, without limitation, the release of claims as set forth in the Settlement Agreement.

10      16.    This Order, the Judgment, the Settlement Agreement, and all papers related thereto,
11  are not, and shall not be construed to be, an admission by Defendant of any liability, claim or
12  wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or
13  wrongdoing in this Action or in any other proceeding.

14      17.    Without affecting the finality of this Order and the accompanying Judgment filed
15  herewith, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiff,
16  the Settlement Class Members, and Defendant for the purposes of supervising the implementation,
17  enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval
18  Order, distribution of the Maximum Settlement Fund, the Final Judgment, and this Order.

20      IT IS SO ORDERED.

22  Dated: May 14, 2020

23                          THE HONORABLE EDWARD J. DAVILA
                          UNITED STATES DISTRICT COURT JUDGE